103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlo VARTINELLI, Plaintiff-Appellant,
v.
Craig HUTCHINSON, M.D. and Paul S. Kenyon, M.D., Defendants-Appellees.
 No. 95-2009.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Carlo Vartinelli, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983 and 1988. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Vartinelli sued two prison physicians (Drs. Hutchinson and Kenyon) in their individual capacity. He asserted that: 1) the defendants had been deliberately indifferent to his medical needs by refusing to treat his back pain; and 2) the defendants refused to treat him in retaliation for exercising his right to redress grievances. The magistrate judge recommended granting summary judgment to Dr. Hutchinson on the first claim, but not the second. Although Vartinelli did not file objections, the district court construed his reply to Dr. Hutchinson's objections as his objections. In a separate report, the magistrate judge also recommended granting summary judgment to Dr. Kenyon on the first claim, but stated that Vartinelli would need to file an amended complaint to survive dismissal of his second claim. Vartinelli then filed timely objections to the report, as well as an amended complaint in which he reasserted his claims against Dr. Kenyon. The district court thereafter granted summary judgment to the defendants on both claims.
 
 
 3
 In his timely appeal, Vartinelli reasserts his same claims. He also requests oral argument and appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Vartinelli's first claim is without merit as there is no evidence that the defendants intentionally denied him treatment for his back or were otherwise deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To the extent that he alleges that Dr. Kenyon misdiagnosed him, his claim fails because such allegations of negligence do not state a cause of action under the Eighth Amendment. See id. at 106. Likewise, Vartinelli's retaliation claim must fail as there is no evidence of the alleged retaliatory action, nor of any intent to retaliate. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 5
 Accordingly, Vartinelli's requests for oral argument and appointment of counsel are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.